UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN ASTURIAS,

                              Plaintiff,

                    -vs-                                                13-CV-143-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                              Defendant.

_____

APPEARANCES:    LAW OFFICES OF KENNETH HILLER (JAYA ANN SHURTLIFF, ESQ., of Counsel), Amherst, New York, for Plaintiff.

                        WILLIAM J. HOCHUL, JR., United States Attorney (MICHAEL S. CERRONE, Assistant United States Attorney, of Counsel), Buffalo, New York, for Defendant.

This matter has been transferred to the undersigned for all further proceedings by Order of Chief United States District Judge William M. Skretny dated April 16, 2014 (Item 15).

Plaintiff Kevin Asturias initiated this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI"), as provided for in Title XVI of the Act, 42 U.S.C.

---

[1] At the time this action was filed, Michael J. Astrue was the Commissioner of Social Security, and was properly named in the complaint as the defendant under 42 U.S.C. § 405(g). On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, and is hereby substituted as the defendant in this action, pursuant to § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."), and Rule 25(d) of the Federal Rules of Civil Procedure. For continuity, the court will herein refer to Acting Commissioner Colvin as "Commissioner."

§ 1381 *et seq.* Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the Commissioner's motion (Item 10) is denied, plaintiff's motion (Item 11) is granted, and this matter is remanded to the Commissioner.

## BACKGROUND

Plaintiff was born on June 27, 1977 (Tr. 19, 30).[2] He was 33 years of age at the time of his hearing. Plaintiff has a ninth-grade education (Tr. 30), and he has previously been employed as a child care and fast food worker (Tr. 31).

Plaintiff applied for both SSI and Social Security Disability Insurance ("SSDI") benefits on November 8, 2007 alleging disability due to back, knee, and wrist problems and diabetes, with an onset date of December 31, 2004 (Tr. 109-15). His date last insured ("DLI") for disability purposes was, and still is, March 31, 2005 (Tr. 56, 119). Plaintiff's claims for benefits were denied administratively on February 11, 2008 (Tr. 61-68). He did not appeal these determinations.

On January 5, 2009, plaintiff reapplied for SSI benefits (Tr. 116-18). This application was again denied at the agency level (Tr. 29, 72), and plaintiff requested a hearing which was held on December 17, 2010 before Administrative Law Judge ("ALJ") William M. Weir (Tr. 25-55). Plaintiff appeared and testified at the hearing, and was represented by counsel.

---

[2]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 7).

In a written decision dated May 23, 2011, ALJ Weir found that plaintiff was not under a disability within the meaning of the Act (Tr. 12-20). Following the sequential evaluation process outlined in the Social Security Administration Regulations (see 20 C.F.R. § 416.920), the ALJ reviewed the medical evidence and determined that although plaintiff's back pain and obesity constituted "severe" impairments, these impairments considered singly or in combination did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") (Tr. 17). The ALJ then found that while plaintiff is unable to perform any of his past relevant work, he had the residual functional capacity ("RFC") for the full range of sedentary work, as defined in the Regulations. In making this finding, the ALJ discussed the testimony and documentary evidence regarding plaintiff's complaints of pain and other symptoms, along with the reports of treating an consultative medical sources, and determined that the record did not establish physiological abnormalities which would preclude plaintiff from performing work at the RFC as assessed (Tr. 17-19). Considering plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), the ALJ determined that Rule 201.24 of the Grids directed a finding of "not disabled" (Tr. 20).

The ALJ's decision became the Commissioner's final determination on December 17, 2012, when the Appeals Council denied plaintiff's request for review (Tr. 1-3). Plaintiff then filed this action on February 11, 2013, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both parties have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiff contends that the Commissioner's determination should be reversed, and the matter remanded, because (1) the ALJ and the

Appeals Council failed to give good reasons for the weight accorded to the opinion of plaintiff's treating orthopedist, Dr. Cameron B. Huckell, M.D., that plaintiff was disabled during the relevant period; (2) the ALJ failed to give proper weight to the report of consultative orthopedic examiner, Dr. Kathleen Kelley, M.D., in assessing plaintiff's RFC; and (3) the ALJ failed to properly assess the credibility of plaintiff's testimony and statements with regard to his complaints of pain.  *See* Items 11, 14.  The Commissioner contends that the ALJ's determination is based on substantial evidence in the record, and should be affirmed.  *See* Items 10, 13.

## DISCUSSION

### I. Scope of Judicial Review

The Social Security Act states that upon district court review of the Commissioner's decision, "the findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive …." 42 U.S.C. § 405(g).  Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-72 (2d Cir. 1999).  Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try a case *de novo* or substitute its findings for those of the Commissioner.  *Richardson*, 402 U.S. at 401.  The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  *Sample v. Schweiker*, 694 F.2d

639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1141 (E.D. Wis. 1976), *quoted in Gartmann v. Secretary of Health and Human Services*, 633 F. Supp. 671, 680 (E.D.N.Y. 1986). The Commissioner's determination cannot be upheld when it is based on an erroneous view of the law that improperly disregards highly probative evidence. *Tejada*, 167 F.3d at 773.

## II.     Standard for Determining Eligibility for Disability Benefits

To be eligible for SSI benefits under the Social Security Act, plaintiff must show that he or she suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months …," 42 U.S.C. § 1382c(a)(3)(A), and is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 1382c(a)(3)(B). The Regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits. *See* 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity. If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which is an impairment or combination of impairments that

"significantly limits [the claimant's] physical or mental ability to do basic work activities …." 20 C.F.R. § 416.920(c). If the claimant's impairment is severe, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant is capable of performing his or her past relevant work. Finally, if the claimant is not capable of performing his or her past relevant work, the fifth step requires the ALJ to determine whether the claimant is capable of performing other work which exists in the national economy, considering the claimant's age, education, past work experience, and residual functional capacity. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Reyes v. Massanari*, 2002 WL 856459, at *3 (S.D.N.Y. April 2, 2002); 20 C.F.R. § 416.920(g).

The claimant bears the burden of proof with respect to the first four steps of the analysis. If the claimant demonstrates an inability to perform past work, the burden shifts to the Commissioner to show that there exists other work that the claimant can perform. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The Commissioner ordinarily meets her burden at the fifth step by resorting to the Grids.[3] However, where the Grids fail to describe the full extent of a claimant's physical limitations, the ALJ must "introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy

---

[3]The Grids were designed to codify guidelines for considering residual functional capacity in conjunction with age, education, and work experience in determining whether the claimant can engage in substantial gainful work existing in the national economy. *See Rosa*, 168 F.3d at 78; *see also Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996).

which claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986).

### III. The ALJ's Determination

In this case, the ALJ determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since December 8, 2008, the date he applied for benefits (Tr. 17). As indicated above, at steps two and three the ALJ found that plaintiff's impairments, while severe, did not meet or equal the severity of any of the impairments in the Listings (Tr. 17).

At step four, the ALJ found that the plaintiff was unable to perform his past relevant "light exertion" work as a child care and fast food worker (Tr. 19), but had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a).[4] At the final step, the ALJ determined that there are jobs existing in significant numbers in the national economy that plaintiff could perform, considering his age, education, work experience, and RFC (Tr. 19). Applying Rule 201.24 of the Grids, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act at any time from December 8, 2008 (the date the application was filed) through the date of the decision (Tr. 20).

---

[4]"Sedentary work" is defined as:

… work involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

IV.   **Plaintiff's Motion**

    A.   **The Treating Physician Rule**

Plaintiff contends that remand is necessary because the ALJ and the Appeals Council failed to explain the reasons for the weight accorded to the opinion of Dr. Huckell, plaintiff's treating orthopedist, that plaintiff was disabled during the relevant period.

As explained in numerous Second Circuit opinions, the Regulations "recognize a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant." *Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *see also Cichocki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013).  However, "[a] treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  Rather, "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" will be given "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. § 416.927(c)(2); *see also Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (noting that it is the Commissioner's role to resolve "genuine conflicts in the medical evidence," and that a treating physician's opinion is generally "not afforded controlling weight where the treating physician issued opinions that are not consistent with the opinions of other medical experts").

When the ALJ does not accord controlling weight to the medical opinion of a treating physician, the Regulations require that the ALJ's written determination must reflect the consideration of various factors, including: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating

physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The ALJ must then "comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Burgess*, 537 F.3d at 129 (internal alteration and citation omitted). The notice of determination must "always give good reasons" for the weight given to a treating source's opinion, 20 C.F.R. § 416.927(c)(2), and the ALJ "cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983), *quoted in Rosa*, 168 F.3d at 79; *see also Schaal v. Apfel*, 134 F.3d 496, 503–04 (2d Cir.1998) (stating that the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion); *Halloran*, 362 F.3d at 32–33 ("This requirement greatly assists our review of the Commissioner's decision and 'let[s] claimants understand the disposition of their cases.' ") (quoting *Snell*, 177 F.3d at 134).

This rule applies to the Appeals Council's consideration of the findings and opinions of treating sources submitted on review of the ALJ's determination as "new and material evidence," *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996), if the evidence "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b); *Toth v. Colvin*, 2014 WL 421381, at *5 (N.D.N.Y. Feb. 4, 2014). The evidence must be "(1) new and not merely cumulative of what is already in the record, and … (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *James v. Comm'r of Soc. Sec*, 2009 WL 2496485, at *10 (E.D.N.Y.

Aug. 14, 2009) (quoting *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007)). Thus, where the claimant has submitted a treating physician's opinion on the nature and severity of the claimant's impairments during the relevant period of disability to the Appeals Council for consideration on review of the ALJ's hearing decision, "the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to" that opinion. *James*, 2009 WL 2496485, at *10. "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell*, 177 F.3d at 134 (citing *Schaal*, 134 F.3d at 505); *see also Shrack v. Astrue*, 2009 WL 712362, at *3 (D.Conn. Mar. 17, 2009) ("Importantly, the treating physician rule applies to the [Appeals] Council when the new evidence at issue reflects the findings and opinions of a treating physician.").

In this case, the record reveals that plaintiff was examined by Dr. Huckell on November 23, 2009, shortly after plaintiff was involved in a motor vehicle accident (Tr. 273-77). Upon physical examination and review of x-rays and MRIs of plaintiff's cervical and lumbar spine, Dr. Huckell reported his findings that plaintiff "sustained significant injuries to [his] spine as a result of the motor vehicle accident …," and gave his opinion that plaintiff "is considered to be disabled at this time as a result of the motor vehicle accident." (Tr. 276). Dr. Huckell saw plaintiff for follow-up evaluation on February 24, 2010, at which time he reported that plaintiff "remains disabled at this time as a result of the motor vehicle accident." (Tr. 280-81).

In his hearing decision, the ALJ only briefly referred to the records of Dr. Huckell's treatment, noting that on physical examination plaintiff revealed a functional range of motion in the shoulders, elbows, wrists, hips, knees, and ankles, and that the MRIs

revealed "only a minimal bulge at L5/S1" (Tr. 18). The ALJ gave no reasons for the weight, if any, he assigned to Dr. Huckell's stated opinions that plaintiff sustained significant injuries to his spine and was "disabled at this time" as a result of the October 2009 motor vehicle accident, nor is there any discussion in the ALJ's written determination to reflect his consideration of the factors listed at 20 C.F.R. § 416.927(c).

Plaintiff's next visit to Dr. Huckell of record was on November 26, 2012, approximately a year and a half after the ALJ's decision (Tr. 348-52). Plaintiff reported that his condition had not improved, and described his pain as "having worsened." (Tr. 350). Upon physical examination, Dr. Huckell reported findings very similar to those reported in November 2009 and February 2010. Dr. Huckell reserved his full recommendation for follow-up treatment pending the results of updated spinal MRIs, and gave his opinion that plaintiff was "temporarily disabled at this time as a result of the motor vehicle accident" in October 2009 (Tr. 351). There are no further records of updated diagnostic testing or additional visits to Dr. Huckell.

In this court's view, Dr. Huckell's November 26, 2012 report provides new, non-cumulative evidence suggesting little or no improvement of plaintiff's disabling condition since his follow-up evaluation in February 2010, which is arguably relevant to, and probative of, the nature and severity of plaintiff's impairments during the relevant period of disability. At the very least, Dr. Huckell's report should have triggered the Commissioner's "affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." *Hartnett v. Apfel*, 21 F. Supp. 2d 217, 221 (E.D.N.Y. 1998), *quoted in Rosa*, 168 F.3d at 79; *see also Butler v. Astrue*, 926

F. Supp. 2d 466, 477 (N.D.N.Y. 2013) ("The duty to develop the record extends to the Appeals Council.").

In its determination following review of the ALJ's decision, the Appeals Council listed Dr. Huckell's November 26, 2012 report among the additional evidence it received and made part of the record. However, the Appeals Council's decision merely stated it found that the newly submitted information "does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). The Appeals Council therefore "not only failed to provide 'good reasons' for disregarding the treating physician's opinion, it did not provide any reasons at all." *Toth*, 2014 WL 421381, at *6.

Accordingly, the proper course for this court is to remand the matter to the Commissioner for reconsideration in light of the new evidence, to recontact plaintiff's treating sources in order to fill any gaps in the administrative record, and to "provide the type of explanation required under the treating physician rule …." *Farina v. Barnhart*, 2005 WL 91308, at *5 (E.D.N.Y. 2005).

### B. Consultative Examiner's Opinion

Plaintiff also contends that, in making his assessment of plaintiff's RFC for the full range of sedentary work, the ALJ accorded inappropriate weight to the report of Dr. Kelley, who conducted a consultative orthopedic examination of plaintiff in January 2008 in connection with his original 2007 SSDI/SSI applications. Dr. Kelly noted plaintiff's "[n]onspecific low back pain without radiculopathy" which could be exacerbated by repetitive "lifting, carrying, or reaching for markedly heavy objects or twisting or bending the

lumbosacral spine" (Tr. 207), as well as non-specific right knee pain which could be aggravated by repetitive kneeling, climbing stairs, or squatting (Tr. 207-08).

The ALJ noted his reliance on Dr. Kelley's evaluation, as well as the "the opinion of the state agency reviewer,"[5] in determining plaintiff's RFC (Tr. 19). However, while these findings and opinions might provide a viable assessment of plaintiff's RFC prior to the automobile accident in October 2009, there is substantial evidence in the record–including the reports of Dr. Huckell–to indicate that plaintiff's functional capacity and overall clinical condition may have been altered by the accident.

Accordingly, in light of the above directive for remand, the court further directs the Commissioner to conduct a new RFC assessment upon reconsideration of a more fully developed record.

### C. Credibility

Plaintiff also contends that the ALJ failed to properly assess the credibility of plaintiff's testimony regarding his subjective complaints of pain and his limitations of functioning. The general rule in this regard is that the ALJ is required to evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged. *See Paries v. Colvin*, 2013 WL 4678352, at *9 (N.D.N.Y. Aug. 30, 2013) (citing *Snell*, 177 F.3d at 135 ("Where there is conflicting evidence about a claimant's pain, the

---

[5]As plaintiff points out, the "state agency reviewer" report referred to by the ALJ is actually a "Physical Residual Functional Capacity Assessment" form dated February 8, 2008, and signed by S. Scheller, a "disability examiner" (Tr. 210-15), whose opinion "should not have been afforded any evidentiary weight at the administrative hearing level." *Hart v. Astrue*, 2012 WL 4093451, at *1 (N.D.N.Y. Sept. 17, 2012).

ALJ must make credibility findings.")). The Commissioner has established a two-step process to evaluate a claimant's testimony regarding his or her symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant. Second, if the ALJ determines that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility.

*Matejka v. Barnhart*, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005), *quoted in Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007); *see* 20 C.F.R. § 416.929.

The Regulations outline the following factors to be considered by the ALJ in conducting the credibility inquiry: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. 20 C.F.R. § 404.1529(c)(3)(i)–(vii); *see also Meadors v. Astrue*, 370 F. App'x 179, 184 n.1 (2d Cir. 2010). The Commissioner's policy interpretation ruling on this process provides further guidance:

> The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the

      individual and to any subsequent reviewers the weight the adjudicator gave
      to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996).

In this case, the ALJ's decision adequately reflects his consideration of the appropriate factors in concluding that plaintiff's medically determinable impairments reasonably could be expected to cause some of his alleged symptoms, but not to the extent that he was precluded from performing the full range of sedentary work (*see* Tr. 19). Although this RFC determination is now subject to reassessment following further development of the record on remand, the court finds the ALJ's decision sufficiently specific to make clear the weight he gave to plaintiff's testimony, and the reasons for that weight. This is all that is required by 20 C.F.R. § 416.929 and SSR 96-7p.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Item 10) is denied, and plaintiff's motion for judgment on the pleadings (Item 11) is granted. The matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. 405(g) for further proceedings consistent with this opinion.

So ordered.

                                              \s\ John T. Curtin
                                                JOHN T. CURTIN
                                          United States District Judge

Dated: July 2, 2014
p:\pending\2013\13-143\ssa\jun24.2014